number 22, 512 Thomas versus Jacobs. Good morning, your honors and may it please the court. Shiloh Rainwater on behalf of James Thomas. I'd like to reserve two minutes for rebuttal. This case concerns the special rules that apply when a represented party moves for summary judgment against a pro se litigant. Summary judgment is complicated and lay people ordinarily misunderstand how it works. For that reason, this court has required explicit notice of the nature and consequences of summary judgment and has universally vacated grants of summary judgment without it. Unless the record makes crystal clear that the pro se litigant subjectively understood what was going on, the district court disregarded the people misunderstand how it works. I've been trying to understand it for 50 years. I'm not sure I'm there yet. That is correct, your honor. But there is not a requirement in the rules that everyone gets notice because the point is about helping the litigant understand, not with perfect understanding. But giving them notice that the drafters of the rules have calculated is sufficient to give them an understanding. The district court failed to follow those rules in this case. It granted summary judgment against Mr. Thomas, a pro se litigant, even though he did not receive proper notice. And even though the court found that he misunderstood how summary judgment works, the court's ruling should therefore be vacated. When you say the court found that he misunderstood, what do you mean by that? Did the court make a statement about his level of understanding? Well, your honor, the first footnote in the decision on pages one and two of the decision has a lengthy recitation of the deficiencies in Mr. Thomas' submission in opposition to summary judgment. A lengthy recitation of what?  The court went out of its way to note that Mr. Thomas had failed completely to follow the local rules in filing a counterstatement of facts. He failed to file any evidence in opposition to summary judgment. In fact, he failed to file anything except for a one page document that he mislabeled an answer rather than an opposition. It was crystal clear from the court's decision. One page unsworn document. That's correct, your honor. And it was clear from the court's decision that she didn't think he understood what was going on. And in fact, in other cases, Judge Seibel has gone out of her way to note when she thinks that a pro se litigant has a subjective understanding of summary judgment. And in this case, she didn't know such thing. I want to start with the components of proper notice. So what do you say to the defendant's argument that this is harmless, that the filing was so deficient that it didn't even reflect an attempt to comply with what he was provided, which was a general description of Rule 56 and Local Rule 56.1. And I guess the only thing that was missing was the paragraph by paragraph component of that in your argument. But your friends argue that that was harmless. Well, your honor, the defendant's conception of harmless error in this context is dependent upon indicia of objective prejudice to the defendant, to the pro se litigant. Not on an evaluation of what the pro se litigant subjectively understood. And that's incompatible with every single decision by this court on this question, in which the court has held that an error in deficient notice is harmless only if there is indicia in the record of a subjective understanding. Obviously, the court does not require perfect compliance with the rules to show that the pro se litigant understood the process. But when there is a deficiency in the notice, this court does not look for whether the district court went out of its way to not be prejudicial to the defendant. This court singularly looks for whether the defendant or the pro se litigant had a subjective understanding of what summary judgment looked like. And if their filings do not demonstrate such an understanding, this court has automatically vacated summary judgment in every single case. My point is that he got notice of the general Rule 56 requirements and didn't even come close to complying with that. And your argument is, no, he needed even more specificity. And that doesn't sort of match up logically. Well, your honor, the drafters of the rules have already made the determination that both components of notice are required and necessary for a pro se litigant to understand how summary judgment works. And the components are a plain statement that basically summarizes what's going on in the summary judgment context, as well as copies of the rules themselves. And the drafters have already made this determination that both of those things are necessary for us to assume that a pro se litigant has an adequate understanding of how summary judgment works. And this court has confronted this question twice, when there was a summary statement that was given, a plain statement similar to what was provided here, and only the rules were omitted from the notice given to the pro se litigant. In both of those cases, this court has held that the only situation in which the notice being deficient was harmless is if the pro se litigant had a subjective understanding of how summary judgment worked. The court did not look to see whether he had a sophisticated understanding based on his filings, whether he had a perfect understanding of everything. The court just looked and said, because what he filed demonstrated an understanding of the technical requirements. For example, in one of those cases, the pro se litigant actually filed a Rule 56.1 counterstatement of facts, which was not present here. And the pro se litigant filed a bunch of affidavits and exhibits. Nothing like that happened in this case. The pro se litigant merely filed a one-page document that he mislabeled as an answer. And it's important to realize that everything about his performance tended to suggest that he didn't understand how it worked. Correct, Your Honor. It is clear from his filings and from his conduct in this case that he didn't know what was going on. First, his filings. He only filed a one-page document. There was no evidence, and there was no counterstatement of facts. And the absence of those things has led this court to vacate numerous grants of summary judgment in this context. But in addition, Mr. Thomas did not understand summary judgment, as is clear from his conduct, and numerous times requesting appointment of counsel throughout the case, including after defendants moved for summary judgment. Mr. Thomas filed documents saying that he did not know what was going on. He had no idea how to respond to the documents that had been served on him. He didn't know how to present evidence in the case. And it was clear that Mr. Thomas just did not understand what was happening in the case. And it's important to realize that Judge Seibel did not hold otherwise. She did not construe either his filings or his conduct as indicative of a subjective understanding of summary judgment. She just noted that his filings were deficient, and then she granted summary judgment against him. In this context, having found that he misunderstood the process, the appropriate remedy was to deny summary judgment without prejudice to renewal after the notice had been cured, or for the court itself to provide the rules to Mr. Thomas and give him an opportunity to comply with them before entering summary judgment. That is common practice in the Southern District, and it is also consistent with this court's repeated admonitions that the district court is obligated to correct the error if notice is deficient. It is the district court's obligation to provide the rules and give the pro se litigant an opportunity to comply with them. And that just didn't happen in this case. Quickly on the prejudice issue, because defendants have attempted to reframe this as a question of whether objective indice of prejudice exists in the case, if this court were to adopt that approach, it would constitute a radical departure from every one of this court's cases which are singularly focused on what the pro se litigant subjectively understood and not whether the district court bent over backwards to cure the prejudice from a process that the pro se litigant didn't understand. The entire point is that the pro se litigant should be given an opportunity to meaningfully engage in the process, and the notice is required for that. Unless the court has further questions, we'll rest on our papers. Thank you, counsel. Good morning, and may it please the court. Blair Greenwald on behalf of the appellees. The main problem with plaintiff's harmless error analysis here is that it fails to separate the form notice that he did receive from the text of the rules that he did not receive. In the first bucket, plaintiff was clearly advised of his core summary judgment obligations in the form notice that he did receive, including the need to submit affidavits and documentary evidence to rebut the defendant's factual assertions. Can I just ask you, you mentioned harmless error before we get to that. Is your view that notice was properly served here? We concede that the notice was inadvertently deficient in the fact that it did not include the text of the rules. We do not agree with the plaintiff's position that as a categorical matter, that always requires reversal, and in fact this court has held otherwise in previous cases, including Jelani and Rowe. So we concede that the text of the rules were not included, but we also argue here that that was harmless error because he received the notice that informed him of his core summary judgment obligations, and his failure to comply with- Can I just ask you, it's interesting because you are describing the error as harmless based on other aspects or potential notice that he received, but that's not how our case law has construed harmless error in this context. I mean, the cases like Irby talk about is what makes it harmless is not that, oh, well maybe there were these other methods of notice that we think are just as good. What makes it harmless is if the litigant indicated that they still had a clear understanding of what was going on, and either because they filed papers that were compliant or there's some other indicator of clear understanding. So I'd like to just separate the two categories. So as your Honor correctly mentioned, the cases where no notice was provided, this court has required some showing that the individual subjectively understood, in particular that summary judgment required him to submit evidence and documentation to rebut the other side's factual assertions, and that the failure to do so could result in an adverse ruling in his favor without a trial. But this court has also acknowledged that errors like the one here, specifically where the rules were not attached, may be harmless if, like all harmless error analysis in all types of civil cases, if the circumstances show that that did not prejudice the defendant. And just to be clear, both in Ghilani and Roe, neither of those plaintiffs submitted a 56.1 statement, but this court found in both situations, because of the particular facts and circumstances, there was no prejudice there, and therefore harmless error was the appropriate framework, and this court affirmed the summary judgment in both cases. It seemed like the defendant understood his general requirements and failed to comply with them. Here, it's sort of the opposite. You're saying he was so deficient and so failed to understand what he was supposed to do on summary judgment that it was harmless. Is that the gist of your argument? No, that is plaintiff's formulation of our argument. That is not what we are arguing here. Rather, what we are arguing is that under normal notice analysis, when someone is served with a particular notice, knowledge is imputed to them. Here, the form notice, setting aside for the moment the text of the rules, the form notice that he was provided informed him of the necessary obligations to submit evidence in his favor. It doesn't describe the local rule requirement regarding 56.1 statements, that it has to be paragraph by paragraph. You don't know whether the description of that or the text of that would have put him on actual notice, that I have to go paragraph by paragraph. That's correct, Your Honor, but we argue that that's harmless here, specifically because the district court did not hold him to that obligation, and this happens often in the district court, as this court is aware. It's not unusual that even— It's unusual that the district court didn't hold him. The first line of the decision is something to the effect of, oh, he didn't comply with the 56.1 statement. I mean, that seems to suggest that the district court is clearly—that this mattered. We acknowledge, Your Honor, that the footnote itself points out that he failed to submit this statement, and the court could, in its discretion, admit all of the defendant's factual assertions as true, but it's very clear from the 40-page opinion that the district court did not do that, and as courts often do when a party fails to comply with Rule 56.1, instead looked at each of the assertions, searched the entire summary judgment record to make sure there was— I mean, why are—this is kind of counter to what this is supposed to be about. It sounds as if you're saying, well, the judge analyzed it and acted as an advocate sort of for him by going through and figuring out his best arguments and then shooting those down. I mean, that's why we're supposed to let the parties be able to put forth their arguments, and certainly I assume he would have—or he would have tried to at least put forth stronger arguments than the ones that the judge put forth on his behalf. What I will say to that is that he has imputed the knowledge of the form notice that he did receive, which was he was required to submit evidence in his favor, and yet he chose not to. The fact that in the text of the rules themselves were not provided to him and he didn't comply with those, we are not imputing any knowledge that he must have known how to comply with Rule 56.1 and submit numbered paragraphs. But the district court— I mean, as Judge Park was saying, that not replying paragraph to paragraph is kind of a big deal in the summary judgment context. If you don't realize, oh, I have to refute this allegation, I have to refute this one, or I have to address it. I mean— I mean, to be clear, the form notice itself actually says, if you do not respond to the motion for summary judgment with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the court may accept the defendant's— Numbered paragraphs. Where does it say that? It does not say that, but the court did not hold him to that obligation. And that is the— Isn't there something fundamentally different which is recognized by the rule in requiring that he be furnished with the rule itself? That the rule is different from your adversaries giving you a document that tells you these are things you have to do. If you're shown the rule, that's it. That definitively tells you what you need to do. You might not be able to understand it. It might be complicated. In this case, it is somewhat complicated for a layman. But it's the rule as opposed to a document that says a lot of things. Do this, do that. Don't do this. You risk this. And I think that's why—that's why what was required was that you furnish the rule and not like a statement that contains—that explains the obligations of the rule. What I will say that I hope makes this more clear is that the summary judgment ruling here was based on the fact that he didn't submit evidence and documentation in his favor. That was what doomed his case here. What did not doom his case was his failure to comply with Local Rule 56.1 and, you know, submit something in numbered paragraphs. If he had submitted evidence and documentation in his favor, he may have survived the summary judgment ruling. But because— of the summary judgment ruling if there is a failure of notice. So I think just the standard harmless error analysis looks at the particular facts and circumstances. And in the notice context particularly, the notice that someone is served with imputes their knowledge. So in other words, he had knowledge of the fact that he needed to submit documentation and evidence in his favor, didn't do that, and that's why he lost the summary judgment motion. We do not contend that he should have known about the 56.1 requirement to submit something in numbered paragraphs, but that was not the reason for the summary judgment ruling against him. What's the harmlessness test that you're suggesting here? Because it seems like you're saying he would have lost anyway, and that can't be right. This is a notice issue, and it seems to me what it should be is he understood what he had to do anyway. And if that's the harmlessness test, then we don't know if he actually understood it or not, based on the fact that he didn't have it all in front of him. So let me put it this way. If the district court had, at the end of this, sent him the local Rule 56.1 text, and he then submitted numbered paragraphs contesting the defendant's assertions, he would not be able to reference any admissible evidence in the summary judgment record to support any additional assertions because here he failed to submit that evidence in the first place. So he would have lost anyway is kind of the harm. Yes, Your Honor. Okay, I understand. We respectfully request that the court affirm the ruling below. Thank you, counsel. We'll hear from him. Thank you, Your Honors. The defendants have notably failed to cite a single case from this circuit, the lower courts in this circuit, or any other circuit where the harmless error analysis is dependent upon some sort of objective indicia of prejudice to the pro se litigant. It doesn't matter if the case would have come out differently. It doesn't matter if the pro se litigant has a perfect understanding of the case. What matters is, is the notice proper, and without the proper notice, is there some sort of indication in the record that the pro se litigant had an understanding independent of the notice that would show that they knew what was going on? That is what this court held in every case, including Jelani, in which only the text of the rules was omitted. In any case, if the analysis did depend upon objective prejudice here, it is clear that the outcome would have differed because the district court failed to credit allegations that Mr. Thomas made in filings that were not in admissible evidence form. Mr. Thomas made an allegation in his unverified amended complaint that he was choked by one of the officers in the hospital following one of the incidents alleged in the original complaint that he was searched in prison. But because that was in an unverified amended complaint, the district court expressly refused to consider it. And therefore, when she got to defendants' allegation in their counterstatement of facts and their affidavits, saying there was no such encounter in the hospital, the court discredited that unrebutted allegation because there was nothing for Mr. Thomas to respond to it. If there needs to be objective prejudice, it's clear that that happened in this case. If the panel has no further questions, we ask that the court reverse the district court. Thank you, counsel. Thank you both. We'll take the case under advisement.